**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1806-17T2

RUI BRANCO,

    Plaintiff-Respondent,

v.

OMAR CASTILLO,

    Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided December 11, 2018

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. DC-015191-17.

Omar Castillo, appellant pro se.

Respondent has not filed a brief.[1]

PER CURIAM

---

[1] Respondent did file a four-page letter on December 28, 2017 responding to a finality inquiry from the clerk's office.

Defendant Omar Castillo appeals the trial court's December 7, 2017 order of ejectment directing him to vacate the subject premises on William Street in Elizabeth. We affirm.

Defendant purchased the property in March 2007 with mortgage financing. He defaulted in his mortgage payments and consequently a foreclosure action was filed against him in August 2008 under Docket No. F-31106-08. Defendant failed to contest the foreclosure complaint. Meanwhile, the mortgage was assigned several times to successors of the original mortgagee. The final assignment was to an entity known as "PROF-2013-53 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE" ("the Bank"). The assignment was duly recorded on December 2, 2015 in the Union County Registrar's Office.

Final judgment in the foreclosure action was entered against defendant on July 29, 2016. Defendant's motion to vacate the judgment for alleged lack of standing of the Bank was denied. Defendant attempted to appeal the judgment but his appeal (A-3994-16) was dismissed for lack of prosecution.

After several adjournments, the premises were sold to the Bank at a sheriff's sale on March 8, 2017. The Bank assigned its bid to another entity, "USROF III Legal Title Trust 2015-1 by US Bank National Association, as

2

Legal Title Trustee."  The Sheriff's deed reflecting that conveyance was duly recorded on May 23, 2017.  Defendant moved unsuccessfully to vacate the sheriff's sale.

On August 2, 2017, Rui Branco bought the property at an auction.  The corresponding deed was dated September 28, 2017 and duly recorded in Union County.

After defendant refused to leave the premises, Branco brought the present ejectment action against him in the Special Civil Part.  Defendant opposed the ejectment, claiming Branco is not the rightful owner and that there were improprieties in the foreclosure and the chain of title.

After considering the parties' arguments and the evidence, including a copy of Branco's recorded deed, Judge James P. Wilson granted Branco's application to eject defendant.  The judge set forth his reasons in an oral decision in the presence of the parties on December 7, 2017.

In his present appeal, defendant persists in arguing that Branco lacks title to the premises and that the chain of title and validity of the foreclosure process is not adequately documented.  He further argues the judge's oral statement of reasons is insufficient.

We affirm the order of ejectment, as defendant has shown no merit to his contentions. R. 2:11-3(e)(1)(E). We add only a few comments.

Defendant has not shown that he timely paid the balance due on his mortgage loan. The final judgment of foreclosure, which was not disturbed on appeal, is binding upon him. See McNeil v. Legislative Apportionment Comm'n, 177 N.J. 364, 395 (2003) (concerning the preclusive effects of the doctrine of res judicata).

We are unpersuaded by defendant's claims of irregularities in the deed and the sheriff's sale. We refer in this regard to the sound analysis set forth in Judge Joseph P. Perfilio's January 10, 2017 written statement of reasons, denying defendant's motion to enjoin the sheriff's sale and finding a valid chain of title.

Defendant's reliance on the Bank's cancellation of a writ of possession it obtained in its favor before the property was sold at auction to Branco in August 2017 is unavailing. It was unnecessary for the Bank to follow through on seeking possession through that writ, once Branco had become the new owner. Lastly, Judge Wilson's oral decision was more than ample under Rule 1:7-4(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1806-17T2